IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
KING RANGE,                                : Case No. 1:16-cv-03294-GBD
                                           :
              Plaintiff,            :
                                           :
              -against              :
                                           :
186 FIFTH LLC AND BANK OF AMERICA N.A.,:
                                           :
              Defendants.           :
------------------------------------------------------------------X

### DEFENDANT BANK OF AMERICA, N.A.'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Bank of America, N.A. ("BANA"), by and through its counsel, hereby files its Answer, Defenses, and Affirmative Defenses responding, by corresponding numbers, to each of the numbered paragraphs of the Complaint filed by Plaintiff King Range ("Plaintiff").

### NATURE OF THE CLAIMS

      1.      BANA admits that Plaintiff purports to seek the remedies identified in Paragraph 1 of the Complaint under 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City of New York (the "Administrative Code"), § 8-107, and for negligence. However, BANA denies that it has been negligent in any way or that it has violated the ADA, the Executive Law, the New York State Civil Rights Law, the Administrative Code, or any other law protecting the rights of the disabled. BANA further denies the remaining allegations set forth in Paragraph 1 of the Complaint.

      2.      BANA denies the allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. BANA admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and that the Court has supplemental jurisdiction over Plaintiff's claims arising under New York State and City laws pursuant to 28 U.S.C. § 1367(a). BANA denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4. BANA admits that venue is proper in this district, but denies that it committed any acts and omissions giving rise to the claims. The allegation that the property located at 186 Fifth Avenue, New York, New York ("the Property") is a place of public accommodation is a legal conclusion requiring no response from the pleader.

## PARTIES

5. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies those allegations.

6. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies those allegations.

7. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies those allegations.

8. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 8 of the Complaint, and therefore denies those allegations. BANA admits the allegations set forth in the second sentence of Paragraph 8 of the Complaint

9. BANA admits that it leases the Property from Defendant 186 Fifth LLC. The remaining allegations constitute a legal conclusion requiring no response from the pleader.

10. BANA admits the allegations set forth in Paragraph 10 of the Complaint.

11. BANA denies the allegations set forth in Paragraph 11 of the Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. The allegations set forth in Paragraph 12 of the Complaint consist of legal conclusions necessitating no response from the pleader.

13. The allegations set forth in Paragraph 13 of the Complaint consist of legal conclusions necessitating no response from the pleader.

14. BANA denies the allegations set forth in Paragraph 14 of the Complaint.

15. The allegations set forth in Paragraph 15 of the Complaint consist of legal conclusions necessitating no response from the pleader.

16. The allegations set forth in Paragraph 16 of the Complaint consist of legal conclusions necessitating no response from the pleader.

17. The allegations set forth in Paragraph 17 of the Complaint consist of legal conclusions necessitating no response from the pleader.

18. The allegations set forth in Paragraph 18 of the Complaint consist of legal conclusions necessitating no response from the pleader.

19. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies those allegations.

20. BANA denies the allegations set forth in Paragraph 20 of the Complaint.

21. BANA denies the allegations set forth in Paragraph 21 of the Complaint.

22. BANA denies the allegations set forth in Paragraph 22 of the Complaint.

23. BANA denies the allegations set forth in Paragraph 23 of the Complaint.

24. BANA denies the allegations set forth in Paragraph 24 of the Complaint, including those in subparts I through VI.

25. BANA denies the allegations set forth in Paragraph 25 of the Complaint.

26.     BANA admits that Plaintiff purports to give notice that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in the Complaint.  However, BANA denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27.     BANA denies the allegations set forth in Paragraph 27 of the Complaint.

28.     BANA denies the allegations set forth in Paragraph 28 of the Complaint.

29.     BANA denies the allegations set forth in Paragraph 29 of the Complaint.

30.     BANA denies the allegations set forth in Paragraph 30 of the Complaint.

31.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies those allegations.

32.     BANA denies that the Property is not accessible or compliant.  BANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint, and therefore denies those allegations.

33.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies those allegations.

34.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies those allegations.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

35.     BANA incorporates its other responses to the corresponding allegations.

36.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies those allegations.

37.     The allegations set forth in Paragraph 37 of the Complaint consist of legal conclusions necessitating no response from the pleader.

38. The allegations set forth in Paragraph 38 of the Complaint consist of legal conclusions necessitating no response from the pleader.

39. BANA denies the allegations set forth in Paragraph 39 of the Complaint.

40. BANA denies the allegations set forth in Paragraph 40 of the Complaint.

41. BANA denies the allegations set forth in Paragraph 41 of the Complaint.

42. BANA denies the allegations set forth in Paragraph 42 of the Complaint.

43. BANA denies the allegations set forth in Paragraph 43 of the Complaint.

44. BANA denies the allegations set forth in Paragraph 44 of the Complaint.

45. The allegations set forth in Paragraph 45 of the Complaint consist of legal conclusions necessitating no response from the pleader.

46. BANA denies the allegations set forth in Paragraph 46 of the Complaint.

47. BANA denies the allegations set forth in Paragraph 47 of the Complaint.

48. BANA denies the allegations set forth in Paragraph 48 of the Complaint.

49. The allegations set forth in Paragraph 49 of the Complaint consist of legal conclusions necessitating no response from the pleader.

50. The allegations set forth in Paragraph 50 of the Complaint consist of legal conclusions necessitating no response from the pleader.

51. The allegations set forth in Paragraph 51 of the Complaint consist of legal conclusions necessitating no response from the pleader.

52. BANA denies the allegations set forth in Paragraph 52 of the Complaint.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

53. BANA incorporates its other responses to the corresponding allegations.

54. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and therefore denies those allegations.

55. BANA denies the allegations set forth in Paragraph 55 of the Complaint.

56. BANA denies the allegations set forth in Paragraph 56 of the Complaint.

57. BANA denies the allegations set forth in Paragraph 57 of the Complaint.

58. BANA denies the allegations set forth in Paragraph 58 of the Complaint.

59. BANA denies the allegations set forth in Paragraph 59 of the Complaint.

60. BANA denies the allegations set forth in Paragraph 60 of the Complaint.

61. BANA denies the allegations set forth in Paragraph 61 of the Complaint.

62. BANA denies the allegations set forth in Paragraph 62 of the Complaint and denies that Plaintiff is entitled to any damages whatsoever.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

63. BANA incorporates its other responses to the corresponding allegations.

64. BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and therefore denies those allegations.

65. The allegations set forth in Paragraph 65 of the Complaint consist of legal conclusions necessitating no response from the pleader.

66. BANA denies the allegations set forth in Paragraph 66 of the Complaint.

67. BANA denies the allegations set forth in Paragraph 67 of the Complaint.

68. BANA denies the allegations set forth in Paragraph 68 of the Complaint.

69. BANA denies the allegations set forth in Paragraph 69 of the Complaint.

70. The allegations set forth in Paragraph 70 of the Complaint consist of legal conclusions necessitating no response from the pleader.

71.     The allegations set forth in Paragraph 71 of the Complaint consist of legal conclusions necessitating no response from the pleader.

72.     BANA denies the allegations set forth in Paragraph 72 of the Complaint.

73.     BANA denies the allegations set forth in Paragraph 73 of the Complaint.

74.     BANA denies the allegations set forth in Paragraph 74 of the Complaint.

75.     BANA denies the allegations set forth in Paragraph 75 of the Complaint.

76.     BANA denies the allegations set forth in Paragraph 76 of the Complaint.

77.     BANA denies the allegations set forth in Paragraph 77 of the Complaint.

78.     BANA denies the allegations set forth in Paragraph 78 of the Complaint and denies that Plaintiff is entitled to any damages whatsoever.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

79.     BANA incorporates its other responses to the corresponding allegations.

80.     BANA denies the allegations set forth in Paragraph 80 of the Complaint.

81.     BANA denies the allegations set forth in Paragraph 81 of the Complaint and denies that Plaintiff is entitled to any damages whatsoever.

82.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and therefore denies those allegations.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

83.     BANA incorporates its other responses to the corresponding allegations.

84.     BANA denies the allegations set forth in Paragraph 84 of the Complaint.

85.     The allegations set forth in Paragraph 85 of the Complaint consist of legal conclusions necessitating no response from the pleader.

86.     BANA denies the allegations set forth in Paragraph 86 of the Complaint.

87. BANA denies the allegations set forth in Paragraph 87 of the Complaint.

88. BANA denies the allegations set forth in Paragraph 88 of the Complaint.

89. BANA denies the allegations set forth in Paragraph 89 of the Complaint and denies that Plaintiff is entitled to any damages whatsoever.

## INJUNCTIVE RELIEF

90. BANA denies the allegations set forth in Paragraph 90 of the Complaint.

91. BANA denies the allegations set forth in Paragraph 91 of the Complaint.

92. BANA denies the allegations set forth in Paragraph 92 of the Complaint.

## DECLARATORY RELIEF

93. BANA denies the allegations set forth in Paragraph 93 of the Complaint.

## ATTORNEYS' FEES, EXPENSES AND COSTS

94. BANA denies the allegations set forth in Paragraph 94 of the Complaint.

## JURY DEMAND

BANA admits that Plaintiff purports to demand a trial by jury, but denies that there are any claims so triable.

## PRAYER FOR RELIEF

To the extent the unnumbered "WHEREFORE" clause requires a response, BANA denies that Plaintiff is entitled to any of the relief requested, and further denies that Plaintiff is entitled to any relief whatsoever from BANA, including that requested in subparts (A)-(I).

## GENERAL DENIAL

BANA denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted under Title III of the Americans with Disabilities Act ("ADA"), including to the extent that Plaintiff's Complaint seeks accommodations exceeding the requirements set forth in the Title III regulations, 28 C.F.R. Part 36, Subpart D, and the ADA Accessibility Guidelines, 36 C.F.R. Part 1191, Apps. B and D, and to the extent that any accommodations required already exist.

2. Plaintiff fails to state a claim upon which relief may be granted under New York State Executive Law § 296.

3. Plaintiff fails to state a claim upon which relief may be granted under New York State Civil Rights Law § 40.

4. Plaintiff fails to state a claim upon which relief may be granted under New York City Administrative Code § 8-107.

5. Plaintiff fails to state a claim upon which relief may be granted for negligence.

6. Plaintiff was not subjected to any negligent conduct that was likely to result in emotional distress.

7. Plaintiff has not incurred any actual damages or injury.

8. No act by BANA either proximately caused or contributed to any injuries or damages alleged by Plaintiff.

9. To the extent applicable, any alleged emotional distress suffered by Plaintiff was not caused by BANA.

10. Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

11. Plaintiff lacks standing to bring this suit, in whole or in part, and thus, the Complaint should be dismissed.

12. BANA is not the correct party nor is BANA legally responsible for some, if not all, of the alleged violations in the Complaint to the extent that it is not an owner, operator, lessee or lessor of a particular alleged place of public accommodation.

13. This case is moot because there is no actual case and controversy between Plaintiff and BANA.

14. Any modifications and/or barrier removal Plaintiff has demanded are subject to the defense of "fundamental alteration."

15. Plaintiff has demanded modifications and/or barrier removal that would cause BANA an undue burden.

16. The modifications, barrier removals and/or other related requests demanded by Plaintiff either already exist or are not readily achievable.

17. Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff will not suffer any irreparable injury if injunctive or other equitable relief is denied and/or because Plaintiff has an adequate and complete remedy at law.

18. The claims of Plaintiff for damages are barred because Plaintiff is required to mitigate damages and losses, if any.

19. Any recovery for damages based on the alleged negligence of BANA must be reduced in proportion to Plaintiff's own negligence in causing the damages alleged.

20. Plaintiff is not entitled to punitive damages because all actions regarding Plaintiff were taken in good faith efforts to comply with all applicable statutes and laws and for legitimate reasons; BANA did not act with an improper motive or reckless disregard of Plaintiff's protected rights; and/or Plaintiff cannot prove a willful violation. Further, Plaintiff is precluded from recovering punitive damages because an award of punitive damages would be an

unconstitutional denial of BANA's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments.

21.     BANA reserves the right to assert additional defenses and affirmative defenses and to amend its response as further facts are revealed through its investigation.

WHEREFORE, BANA respectfully requests that this Court dismiss Plaintiff's case with prejudice, enter judgment against Plaintiff, and award BANA its reasonable attorneys' fees and costs for having to defend this case.

Dated: August 29, 2016.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/Douglas T. Schwarz*
Douglas T. Schwarz
101 Park Avenue
New York, New York 10178
Telephone: 212.309.6000

*Attorneys for Defendant*
*Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2016, a true and correct copy of the foregoing was sent via the ECF system to:

> Glen H. Parker, Esq.
> Adam S. Hanski, Esq.
> Robert G. Hanski, Esq.
> 40 Worth Street, 10th Floor
> New York, NY 10013
> Telephone: (212) 248-7400
> Facsimile: (212) 248-5600
> E-mail: ash@parkerhanski.com
> E-mail: ghp@parkerhanski.com
> E-mail: rgh@parkerhanski.com

*Attorneys for Plaintiff*

/s/Douglas T. Schwarz
Douglas T. Schwarz