**GORDON & REES LLP**
By: Michael S. Hanan, Esq.
    Jeremi L. Chylinski, Esq.
One Battery Park Plaza, 28th Floor
New York, NY 10004
P: (212) 269-5500
F: (212) 269-5505
mhanan@gordonrees.com
jchylinski@gordonrees.com

*Attorneys for Defendant 186 Fifth LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KING RANGE, | Case No.: 16-CV-03294 |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| 186 FIFTH LLC and BANK OF AMERICA, N.A., | |
| Defendants. | |

Defendant 186 Fifth LLC, by and through its undersigned counsel, and for its answer and other defenses to Plaintiff's Complaint, states as follows:

**COMPLAINT**

The opening paragraph of Plaintiff's Complaint contains no allegations to which a response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

**NATURE OF THE CLAIMS**

1. Paragraph 1 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Defendant admits that the Court has original jurisdiction over Plaintiff's federal claims and that it may elect in its discretion to exercise supplemental jurisdiction over Plaintiff's state and city law claim.

4. Defendant admits that venue is proper in this District and denies the remaining allegations contained in Paragraph 4 of the Complaint.

**PARTIES**

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies those allegations.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies those allegations.

7. Paragraph 7 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

8. Paragraph 8 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

9. Paragraph 9 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

10. Paragraph 10 of the Complaint calls for legal conclusions to which no response is

required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

11. Paragraph 11 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Paragraph 12 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

13. Paragraph 13 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

16. Paragraph 16 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

17. Paragraph 17 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

18. Paragraph 18 of the Complaint calls for legal conclusions to which no response is

required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

21. Paragraph 21 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

24. Paragraph 24 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies those allegations.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

35. Defendant repeats and realleges each of the above responses as if fully set forth herein.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies those allegations.

37. Paragraph 37 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

38. Paragraph 38 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint calls for legal conclusions to which no response is

required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

43. Paragraph 43 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

44. Paragraph 44 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

45. Paragraph 45 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

46. Paragraph 46 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

53. Defendant repeats and realleges each of the above responses as if fully set forth herein.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and, therefore, denies those allegations.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

58. Paragraph 58 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

63. Defendant repeats and realleges each of the above responses as if fully set forth herein.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and, therefore, denies those allegations.

65. Paragraph 65 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Paragraph 65 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

79. Defendant repeats and realleges each of the above responses as if fully set forth herein.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and, therefore, denies those allegations.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

83. Defendant repeats and realleges each of the above responses as if fully set forth herein.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

## INJUNCTIVE RELIEF

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

## DECLATORY RELIEF

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

## ATTORNEYS' FEES, EXPENSES AND COSTS

94. Paragraph 94 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

## JURY DEMAND

Defendant admits that Plaintiff is entitled to a trial by jury only to the extent that the causes of action plead in his Complaint are so triable under the laws of the United States and the Local Rules of the District Court for the Southern District of New York.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the damages or relief sought in the PRAYER FOR RELIEF/WHEREFORE clauses on pages 17 – 18 of the Complaint, or to any other damages or relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.

## FIRST DEFENSE

Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, claim preclusion, issue preclusion, unclean hands, preemption, and waiver.

### FOURTH DEFENSE

Defendant at all times, in all manners, acted in good faith and in accordance with any and all duties and obligations under federal, New York state, city, and local law and their regulations.

### FIFTH DEFENSE

Plaintiff did not and does not have a legitimate and/or bona fide intent to attempt to access the location(s) identified in his Complaint other than for the purpose of pursuing litigation and, therefore, lacks standing to bring the claims asserted in his Complaint.

### SIXTH DEFENSE

Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Defendant's alleged violations of the ADA.

### SEVENTH DEFENSE

Plaintiff lacks standing to challenge the alleged barriers in areas of the subject property he did not visit prior to filing his Complaint.

### EIGHTH DEFENSE

Plaintiff fails to state a claim upon which relief may be granted under Title III of the ADA, including to the extent that Plaintiff's Complaint seeks accommodations exceeding the requirements set forth in the Title III regulations, 28 C.F.R. Part 36, Subpart D, and the ADA Accessibility Guidelines, 36 C.F.R. Part 1191, Apps. B and D, and to the extent that any accommodations required already exist.

## NINTH DEFENSE

Plaintiff has failed to provide good faith notice to Defendant and/or any opportunity for Defendant to respond regarding any alleged barrier of access to the premises, or goods and/or services before filing his Complaint.

## TENTH DEFENSE

Where Defendant determined that it was not readily achievable to remove barriers, Defendant utilized alternative methods to provide full and equal access to the goods, services, facilities, privileges, advantages and accommodations of the subject premises, as expressly provided for by the ADA.

## ELEVENTH DEFENSE

The accommodations demanded by Plaintiff and/or the removal of the alleged barriers to access of persons with disabilities are not readily achievable, feasible and/or would result in an undue burden on Defendant.

## TWELFTH DEFENSE

Defendant did not discriminate against Plaintiff because providing the accommodations that Plaintiff mentioned in his Complaint would have caused Defendant to suffer an "undue hardship" as defined by the ADA.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA, and/or they do not trigger an "alteration" legal standard, including that the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because any alterations made by Defendant are sufficient in that they satisfy the "to the maximum extent feasible" standard within the meaning of 28 C.F.R. § 36.402(a)(1) and 42 U.S.C. § 12183(a)(2).

## FIFTEENTH DEFENSE

Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which Defendant is not responsible.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred or limited to the extent he has failed to mitigate the damages alleged in his Complaint.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees under the ADA to the extent Defendant has or will take appropriate measures to remedy the alleged barriers to access.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred or limited because the subject property is protected by landmark status. Thus, Plaintiff's suggested alterations would threaten or destroy the historical significance of the property.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

## TWENTIETH DEFENSE

Plaintiff was not subjected to any negligent conduct that was likely to result in emotional distress.

## TWENTY-FIRST DEFENSE

Plaintiff has not incurred any actual damages or injury.

Defendant reserves the right to assert such additional defenses as may appear and prove applicable during the course of the litigation.

**WHEREFORE,** Defendant prays that the Court enter a judgment:

1. dismissing the Complaint with prejudice;

2. granting to Defendant its costs, including attorneys' fees, incurred in this action; and

3. granting to Defendant such other and further relief as the Court may deem just and proper.

DATED: August 29, 2016

Respectfully Submitted,

*s/Michael S. Hanan, Esq.*
Michael S. Hanan, Esq.
Jeremi L. Chylinski, Esq.

GORDON & REES LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004
P: (212) 269-5500
F: (212) 269-5505
mhanan@gordonrees.com
jchylinski@gordonrees.com

*Attorneys for Defendant 186 Fifth LLC*

## CERTIFICATE OF SERVICE

I, Jeremi L. Chylinski, Esq., hereby certify that on this date I caused a true copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be served on Plaintiff's counsel via the Court's electronic filing system at the following address:

> Glen H. Parker, Esq.
> Adam S. Hanski, Esq.
> Robert G. Hanski, Esq.
> Parker Hanski, LLC
> 40 Worth Street, 10th Floor
> New York, New York 10013
> T: (212) 248-7400
> F: (212) 248-5600
> ash@parkerhanski.com
> ghp@parkerhanski.com
> rgh@parkerhanski.com
>
> *Attorneys for Plaintiff*

Executed on this 29th day of August, 2016.

*s/ Jeremi L. Chylinski, Esq.*
Jeremi L. Chylinski, Esq.